1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  KAREN BEAUSEY (CABN 155258)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6598
7       FAX: (415) 436-7234
        Karen.Beausey@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,              )  CASE NO. 10-CV-2696-SBA
                                           )
14          Plaintiff,                     )
                                           )  **SETTLEMENT AGREEMENT AND
15      v.                                 )  ORDER OF DISMISSAL**
                                           )
16  ONE SALTWATER CROCODILE                )
    (CROCODYLUS POROSUS) HERMES            )
17  DESIGNER HANDBAG,                      )
            Defendant,                     )
18  _____ : )
19  ALEXIS AIKEN,                          )
                                           )
20          Claimant.                      )

21

22         The parties stipulate and agree as follows:

23         1.      Plaintiff is the United States of America (hereafter "United States").  Defendant is One

24  Saltwater Crocodile (Crocodylus Porosus) Hermes Designer Handbag seized by law enforcement

25  officers from the United States mail on or about July 31, 2009 (hereafter "defendant property").  After

26  proper notification and publication was given, Alexis Aiken (hereafter "Claimant") filed a claim in this

27  action as the sole claimant to the defendant property.  No other claims or answers have been filed and no

28  other parties have entered the case.  The United States and Claimant jointly are hereafter referred to as

the "parties" in this Settlement Agreement.

2.     The parties agree that this resolution in this action is based solely on the terms stated in this Settlement Agreement.  It is expressly understood that this Settlement Agreement has been freely and voluntarily entered into by the parties.  The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Settlement Agreement.  This Settlement Agreement shall not be modified or supplemented except in writing signed by the parties.  The parties have entered into this Settlement Agreement in lieu of protracted litigation and District Court adjudication.

3.     This settlement is a compromise over disputed issues and does not constitute any admission of any wrongdoing or any liability by any party.

4.     Claimant asserts that she is the sole owner of the defendant property.

5.     The parties agree that the United States will return the defendant property to Claimant (subject to any delinquent debts owed to any federal, state, or local agencies, as discussed in Paragraph 8 below).  The return of the defendant property shall be in full settlement and satisfaction of any and all claims to the defendant property by the United States, Claimant, and Claimant's heirs, representatives and assignees.

6.     Claimant, her heirs, her representatives, and her assignees shall hold harmless the United States, and any and all agents, officers, representatives, and employees of the same, and including all federal, state, and local enforcement officers, for any and all acts directly or indirectly related to the seizure and forfeiture of the defendant property and for any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant property.

7.     Claimant agrees that she has had the opportunity to consult with her attorney, that she has carefully read this Settlement Agreement and discussed it with her attorney, and that she fully understands the scope and effect of the provisions of this Settlement Agreement.  Claimant further agrees that she has discussed with her attorney the Debt Collection Improvement Act of 1996 (DCIA), 31 U.S.C. § 3716, that she understands its implications, and that she understands that the return of the defendant property is subject to the directives and restrictions of the DCIA.

8.     Claimant understands and agrees that before the United States Customs Service will

release the defendant property to her she will be required to pay appropriate Customs duties and fees and cites fees.  Claimant agrees to pay any amounts owed in duties or fees as a condition of the defendant property being released to her.

9. The parties agree that each party shall pay its own attorneys' fees and costs.

10. Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

11. Based on the foregoing Settlement Agreement between the United States and Claimant, the parties agree that, subject to the Court's approval, the proposed Judgment of Forfeiture submitted below with this Settlement Agreement be entered into and that this action be dismissed.

**IT IS SO STIPULATED:**

Dated:  05/12/2022

STEPHANIE M. HINDS
United States Attorney

_____.
KAREN D. BEAUSEY
Assistant United States Attorney

Dated:  MAY 10, 2022

_____.
ALEXIS AIKEN
Claimant

Dated:  MAY 10, 2022

_____.
LOUIS P. FEUCHTBAUM, ESQ.
SIDEMAN & BANCROFT LLP
Attorney for Claimant Alexis Aiken

### [PROPOSED] ORDER OF DISMISSAL

UPON CONSIDERATION of the Settlement Agreement and the record, and for good cause shown, it is by the Court on this _____ day of _____, 2022,

1      ORDERED, ADJUDGED AND DECREED that One Saltwater Crocodile (Crocodylus Porosus)

2  Hermes Designer Handbag seized by law enforcement officers from the United States mail on or about

3  July 31, 2009 (hereafter "defendant property") shall be returned by the United States to Claimant Alexis

4  Aiken, subject to the terms and conditions outlined in the Settlement Agreement between the parties.

5      IT IS FURTHER ORDERED that this action be, and hereby is, DISMISSED.

6

7  Date: 6/16/2022                                  _Saundra B. Armstrong_ RS

8                                                   Ricahrd Seeborg for Saundra B. Armstrong
                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28